FILED
10/1/26 9:02 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>**RODNEY O. DOUGHTY and BRENDA H. DOUGHTY,**<br><br>*Debtors*. | Case No. 07-11180-JCM<br><br>Chapter 13 |
| In re:<br><br>**APPLICATIONS FOR PAYMENT OF UNCLAIMED FUNDS FILED IN VARIOUS CASES BY SYLVESTER CUFFY ON BEHALF OF OPTION ONE MORTGAGE CORPORATION AND BLUEKAP ASSETS RECOVERY INC.,** | Misc. Pro. No. 25-207-GLT<br><br>Related to Dkt. Nos. 50, 51, 52, 53, 55, 58 |

**MEMORANDUM OPINION**

Fifteen years ago, Chase Home Finance failed to timely deposit roughly $17,000 disbursed by the chapter 13 trustee under a confirmed plan filed by Rodney and Brenda Doughty. Those funds were paid into the Court's registry in accordance with section 347(a) of the Bankruptcy Code[1] after the Doughtys received a discharge. Now, Royal Investment Acquisitions, LLC ("Royal"), doing business as Dynamic Recovery Processing and acting through its non-lawyer managing member, seeks to reopen the Doughtys' case and claim the funds.[2] Royal does not purport to be a successor of Chase Home Finance, but an assignee of the Doughtys following the recording of a mortgage satisfaction piece by JPMorgan Chase Bank, N.A.[3] Indeed, Royal

---

1 Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific sections shall be to the Bankruptcy Reform Act of 1978, as thereafter amended, 11 U.S.C. § 101, *et seq*. All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

2 See *[Amended] Motion to Reopen Case and For Payment of Unclaimed Funds*, Misc. Pro. No. 25-207-GLT, Dkt. No. 52 (amending Dkt. No. 50); *Application for Payment of Unclaimed Funds*, Misc. Pro. No. 25-207-GLT, Dkt, No. 51.

3 See *Application for Payment of Unclaimed Funds*, Misc. Pro. No. 25-207-GLT, Dkt, No. 51 at 3-11.

asserts that Chase Home Finance has been satisfied and is no longer entitled to the funds, rendering them a surplus owed to the Doughtys.

The United States Trustee filed a response noting that Royal shared a business address with Bluekap Assets Recovery, Inc., an entity sanctioned for serially filing frivolous applications for unclaimed funds.[4] Because the Trustee argued that Royal must show that it is not subject to the filing bar imposed against Bluekap, these matters were considered within the prior miscellaneous proceeding.[5] Royal subsequently filed a response indicating that Bluekap and Royal are unrelated entities with a common Florida-based registered agent.[6]

On this record, the Court concludes that Royal should not be subject to any filing injunctions against Bluekap. That said, the Court finds that Royal's motion to reopen and application for unclaimed funds must both be denied without prejudice. Even assuming that an application for unclaimed funds is the appropriate procedural vehicle to establish a surplus claim through satisfaction, Royal has not proven an entitlement to the funds. Furthermore, the legal and procedural deficiencies in Royal's request betray its *pro se* machinations as the unauthorized practice of law.

## I. JURISDICTION

This Court has authority to exercise jurisdiction over the subject matter and the parties under 28 U.S.C. §§ 157(a), 1334, and the Order of Reference entered by the United States

---

4 *Response of the United States Trustee to the Motion to Reopen and Application for Payment of Unclaimed Funds filed by Royal Investment Acquisitions, LLC d/b/a Dynamic Recovery Processing*, Misc. Pro. No. 25-207-GLT, Dkt. No. 55 at ¶¶ 13-16.

5 Id. at ¶¶ 17-18.

6 *Response of Royal Investment Acquisitions, LLC d/b/a Dynamic Recovery Processing to the United States Trustee Response to Motion to Reopen and Application for Payment of Unclaimed Funds*, Misc. Pro. No. 25-207-GLT, Dkt, No. 58.

District Court for the Western District of Pennsylvania on October 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## II. DISCUSSION

The local rules of this district required a request for the disbursement of unclaimed funds be accompanied by a motion to reopen to if, as here, the case is closed.[7] Under section 350(b), "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."[8] The burden is on the moving party to establish cause to reopen.[9] The court enjoys broad discretion in making this determination,[10] but "[w]here it is futile or a waste of judicial resources to reopen the case, including when the movant cannot ultimately obtain the substantive relief [sought], there is no reason to grant the motion."[11] That means "cause" to reopen turns on the strength of Royal's claim to the funds at issue.

Section 347(a) requires a trustee to pay "into the bankruptcy court" any distributions payable to a creditor that the creditor does not timely accept.[12] Unclaimed funds are deposited with the Treasurer of the United States in the name of the court.[13] Thereafter, the "rightful owners"[14] of the funds may petition the depositing court to disburse them "upon . . . full proof of the right thereto."[15] A claimant must show its proper ownership of the funds by a

---

[7] W.PA.LBR 3011-1(a). As of July 1, 2026, a motion to reopen is no longer required. See W.PA.LBR 3011-1(b).

[8] 11 U.S.C. § 350(b).

[9] Burnett v. Janocha (In re Janocha), No. BR 06-20191-JAD, 2015 WL 128152, at *2 (Bankr. W.D. Pa. Jan. 8, 2015) (citing In re Janssen, 396 B.R. 624, 634 (Bankr. E.D. Pa. 2008)).

[10] See In re Lazy Days' RV Ctr. Inc., 724 F.3d 418, 423 (3d Cir. 2013); In re Zinchiak, 406 F.3d 214, 223 (3d Cir. 2005).

[11] Murphy v. U.S. Dep't of Educ. (In re Murphy), 547 B.R. 875, 879 (Bankr. W.D. Pa. 2016).

[12] 11 U.S.C. § 347(a).

[13] 28 U.S.C. § 2041.

[14] Id.

[15] 28 U.S.C. § 2042.

preponderance of the evidence.[16] "Just as obviously, an attorney in fact seeking disbursement of unclaimed funds on behalf of the true owner must demonstrate the authority to do so."[17]

While the process of claiming unclaimed funds might seem straightforward, there are traps for the unwary. There is authority from this district that a request for unclaimed funds constitutes the practice of law and must be made through counsel.[18] This Court has taken a measured approach, recognizing that such a request is akin to the filing of a proof of claim which does not require legal counsel.[19] The Court is also mindful that the cost of an attorney could easily exceed the claimant's rightful entitlement. If, however, an application (or motion to reopen) becomes a contested matter, the Court agrees that pressing the claim over an objection is the practice of law and requires an attorney. Regardless, a corporate entity like a limited liability company can only appear in federal court through counsel.[20]

Working backwards, the motion and application have been filed by Royal's non-lawyer managing partner, Eli Melse. Royal has submitted a corporate resolution and a general power of attorney evidencing that Mr. Melse is authorized to act on behalf of Royal.[21] Royal, in turn, is an assignee of Brenda Doughty, while Rodney Doughty passed away two years ago.[22] Therefore, Royal is asserting whatever rights Mrs. Doughty has to the unclaimed funds.

---

[16] See In re Pena, 456 B.R. 451, 453 (Bankr. E.D. Cal. 2011); In re Parker, 400 B.R. 55, 59 (Bankr. E.D. Pa. 2009); In re Acker, 275 B.R. 143, 144 (Bankr. D.D.C. 2002).

[17] In re Applications for Unclaimed Funds Submitted in Cases Listed on Exhibit "A", 341 B.R. 65, 69 (Bankr. N.D. Ga. 2005).

[18] See Citicorp., N.A. v. Henderson (In re Henderson), 426 B.R. 526, 529 (Bankr. W.D. Pa. 2010).

[19] While a proof of claim *can* be filed without an attorney, this Court has recognized that the preparation of a proof of claim is not a purely ministerial act for which attorneys' fees are unreasonable. See Winnecour v. Pennymac Loan Servicing, LLC (In re Dunn), No. 24-21065, 2026 WL 898422, at *8 (Bankr. W.D. Pa. Apr. 1, 2026).

[20] See United States v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996).

[21] See *Application for Payment of Unclaimed Funds*, Misc. Pro. No. 25-207-GLT, Dkt, No. 51 at 16-18.

[22] Id. at 3-5.

"The 'rightful owner' of unclaimed funds paid into the Court under § 347(a) is the holder of the proof of claim on account of which the trustee made the distribution."[23] Namely, Chase Home Finance. Yet neither Chase Home Finance nor its successor is seeking the funds here. Instead, Royal argues that Chase Home Finance's claim has been satisfied, creating a surplus for which it is the assignee. For this theory to succeed, Royal must establish that: (1) JPMorgan Chase Bank is the successor to Chase Home Finance; (2) Chase Home Finance's claim has been fully satisfied; (3) the unclaimed funds held for Chase Home Finance are legally surplus funds to which the Doughtys would be entitled; (4) Brenda Doughty is the legal heir to Rodney Doughty's interest in any surplus funds; and (5) Royal, as assignee to Brenda Doughty, is entitled to the surplus funds. It is no surprise that Royal's proof falls short since procedurally this relief is far beyond that of a mere application for unclaimed funds. Indeed, Royal is essentially seeking a declaratory judgment, which requires an adversary proceeding.[24]

None of this is to say that Royal is ultimately wrong or not entitled to claim the funds as an assignee of Brenda Doughty. But the relief it requests must be pursued through the appropriate legal process and proven in accordance with the applicable standards. So even if a corporate entity like Royal could proceed without an attorney, the complexity of its ask clearly requires one.

## III. CONCLUSION

In light of the foregoing, the motion to reopen and application for unclaimed funds will be denied without prejudice. This opinion constitutes the Court's findings of fact and

---

23 *In re Applications for Unclaimed Funds Submitted in Cases Listed on Exhibit "A"*, 341 B.R. at 69.

24 See Fed. R. Bankr. P. 7001(i).

conclusions of law in accordance with Fed. R. Bankr. P. 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Pittsburgh, Pennsylvania.

sjb

Dated: September 30, 2026

GREGORY L. TADDONIO
CHIEF UNITED STATES BANKRUPTCY JUDGE